UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRAN CHIROPRACTIC WELLNESS CENTER, INC and ESSENTIAL INTEGRATIVE MEDICINE, LLC,**

    **Plaintiffs,**

**v.**                                                                                   Case No: 8:14-cv-47-T-36EAJ

**AETNA INC. and AETNA LIFE AND CASUALTY (BERMUDA), LIMITED,**

    **Defendants.**
_____/

# **O R D E R**

This matter comes before the Court upon the Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 63), and Plaintiffs' response thereto (Doc. 70). The Court, having considered the motion and being fully advised in the premises, will grant in part and deny in part Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint.

**I.     Facts Alleged by Plaintiffs[1]**

Plaintiff Tran Chiropractic Wellness Center, Inc. ("Tran Chiropractic") operates a chiropractic facility known as Essential Chirocare. Doc. 62 at ¶ 1. Tran Chiropractic provides medically necessary and appropriate chiropractic and related services to patients covered under healthcare plans issued by Defendant Aetna, Inc. ("Aetna") or its affiliates ("Aetna Plans"), including plans issued by Aetna Life and Casualty (Bermuda), Limited ("Aetna Bermuda"). *Id.* Plaintiff Essential Integrative Medicine, LLC ("Integrative") is located at the same business

---

[1] The following statement of facts is derived from Plaintiffs' Second Amended Complaint (Doc. 62), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

address as Tran Chiropractic, and also provides medically necessary and appropriate medical services to patients covered under Aetna Plans, including but not limited to plans issued by Aetna Bermuda. *Id.* Aetna, acting by itself and through various affiliates and subsidiaries (including Aetna Bermuda), issues and administers health insurance plans. *Id.* at ¶ 2.

Prior to October 2012, Aetna regularly paid bills for services rendered by Plaintiffs to patients covered by Aetna Plans but, beginning in October 2012, Aetna "flagged" all bills submitted by Plaintiffs, and rejected nearly all requests for payment from Plaintiffs. *Id.* at ¶ 4. By "flagging" Plaintiffs' accounts, Aetna now requires the receipt of all records concerning any chiropractic or medical treatment or procedure before supposedly processing Plaintiffs' accounts for payment. *Id.* at ¶ 5.

In each and every case, Plaintiffs have provided to Aetna all requested documents. *Id.* at ¶ 6. In spite of this, Aetna has routinely denied that it received the records, and denied payment of the claims for alleged failure to provide the medical records. *Id.* When confronted with the fact that it has the records, Aetna then denies the claims for other pretextual reasons. Aetna's statements and these denials are demonstrably false. *Id.* Indeed, Aetna has received all documentation requested and has acknowledged that it has received all such documentation. *Id.* Nonetheless, it has simply and falsely denied nearly all claims. *Id.*

Since October 2012, Aetna has denied at least 90% of all claims submitted from both Tran Chiropractic and Integrative. *Id.* at ¶ 7. There is no discernible pattern as to why a few claims have been paid, while approximately 90% of the claims have been rejected for no legitimate reason. *Id.*

Aetna controls, directs and administers all of the Aetna Plans and Aetna wrongfully denied the claims submitted by Plaintiffs, which are the subject of this suit. *Id.* at ¶ 22. Plaintiffs regularly and routinely treat patients covered by Aetna Plans, including patients covered by plans purchased

and sponsored by Jabil Circuit, Inc. ("Jabil"), T. Rowe Price Investment Services, Inc. ("T. Rowe Price"), The Cultural Mission of the Royal Embassy of Saudi Arabia ("The Saudi Mission"), and Kforce, Inc. ("Kforce"). *Id.* at ¶ 23.

When a patient covered by an Aetna Plan comes to the offices of the Plaintiffs, the patient lawfully assigns to Plaintiffs his or her right to receive payments for the chiropractic and medical services that they receive under the Aetna Plans. *Id.* at ¶ 24. Plaintiffs have provided and continue to provide medically necessary and appropriate chiropractic and medical services to patients who were, at the time services were rendered, either employees, or employees' spouses, dependents, or children covered under the Aetna Plans (the "Aetna Plan Patients"). *Id.* at ¶ 26. After rendering necessary and customary services to an Aetna Plan Patient, Plaintiffs submit all paperwork and claim forms to Aetna. *Id.* at ¶ 27.

After submitting claims to Aetna, Plaintiffs generally receive untimely responses and requests for additional information. *Id.* at ¶ 30. Plaintiffs always supply the additional information as requested. *Id.* In spite of furnishing all requested documentation, Aetna generally responds by way of an Explanation of Benefits form ("EOB"), that states the documents were not received. *Id.* at ¶ 31. After notifying Aetna that the documents were, in fact, sent to and received by Aetna, Aetna then denies the claim for other false, pretextual and unsubstantiated grounds. *Id.* at ¶ 32.

The Plaintiffs have provided Aetna and the Florida Department of Insurance with written notification of the violations they allege against Aetna and Aetna Bermuda, and the Defendants have not resolved those violations. *Id.* at ¶ 33.

The Plaintiffs, on May 15, 2014, submitted the declaration of Dr. Tan Tran (Doc. 47), which includes a comprehensive 19-page chart setting forth the following categories of information relating to these disputed claims: Member ID; date of service; positive exam findings;

diagnosis; current procedural terminology ("CPT"); dates records were sent and received to/from Aetna; and Aetna's stated reason(s) for denial, and EOB date. *Id.* at ¶ 35. Tran's declaration and its exhibits (including that chart) are incorporated into the Second Amended Complaint by reference. *Id.*

## II.     Standard of Review

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

When, as here, documents are attached as exhibits to the pleading those documents are considered a part of the pleading for all purposes. *See* Fed. R. Civ. P. 10(c). If there is a conflict between the complaint and the supporting documents, the information contained in the supporting documents controls. *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

## III.    Analysis

Plaintiffs' Second Amended Complaint (Doc. 62) ("the Complaint") asserts five counts: Count I for breach of insurance contract; Count II for violation of Fla. Stat. § 626.954(1)(i)3; Count

III for fraud; and Counts IV and V for violations of the Employee Retirement Income Security Act ("ERISA").

### A. ERISA Preemption

Defendants argue that Counts I through III are preempted by ERISA because only one of the plans referenced in the Complaint is a non-ERISA plan. Doc. 63 at p. 25. Plaintiffs' concede that Counts I through III are directed only to the Saudi Mission's plan and request leave to amend the complaint and clarify this issue. This Court will grant Plaintiffs' leave to file a third amended complaint to address this issue and, for the remainder of this Order, will assume that Counts I through III apply only to the Saudi Mission's plan and that Counts IV and V apply only to the other plans.

### B. Improper Party

Defendants also claim that Aetna, Inc. should be dismissed from this action because there is no allegation of contractual privity between Plaintiffs and Aetna. Defendants allege that Plaintiffs are seeking, improperly, to hold Aetna liable for the actions of its subsidiaries. However, Plaintiffs' Complaint alleges that "Aetna directs, controls and administers the Aetna Plans and wrongfully denied the claims submitted by Plaintiffs, which are the subject of this suit." Doc. 62 at ¶ 22. At this stage, the Court must accept this allegation as true. Accordingly, Aetna, Inc. will not be dismissed from this action.

### C. Count I: Breach of Insurance Contract

Defendants argue that Plaintiffs do not have standing to bring this claim because they are not parties to any contract with Defendants. However, Plaintiffs have alleged that their patients' contract rights were assigned to them. *See* Doc. 62 at ¶ 24. Defendants admit that the Plans allow for assignments of benefits to healthcare providers, but allege that Plaintiffs are "out of network"

providers so any assignments to them would be invalid. Doc. 63 at p. 13. This determination requires a factual inquiry that cannot be made at this stage of the proceedings. In ruling on a motion to dismiss the Court must accept the factual allegations in the Complaint as true. Plaintiffs have clearly alleged that they have standing as assignees to bring a breach of contract claim.

Defendants also argue a failure to exhaust administrative remedies under ERISA. However, given Plaintiff's concession that Count I relates only to the non-ERISA plan, this argument is no longer relevant here. Thus, this count will not be dismissed.

### D.  Count II: Violation of Florida Statute

Defendants argue that this count must be dismissed as premature because an "insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith . . . can accrue." Doc. 63 at p. 16. However, Defendants have cited an incorrect statute. Count II of Plaintiffs' Complaint is for violations of Fla. Stat. § 626.9541(1)(i)3, not Fla. Stat. § 624.155. There is no indication that a claim under Fla. Stat. § 626.9541(1)(i)3 requires resolution of an underlying action before it can proceed. Thus, Count II will not be dismissed.

### E.  Count III: Fraud

To establish a claim for common law fraud, Plaintiffs must establish that: (1) Defendant made a false statement of material fact or concealed a material fact; (2) Defendant intended for Plaintiffs to rely on these statements; (3) that Plaintiffs, in fact, relied on these statements; and (4) that Plaintiffs suffered damage as a result. *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.,* 657 F. Supp. 2d 1279, 1289 (M.D. Fla. 2009). When alleging fraud, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place and substance of the

defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1357 (11th Cir. 2006) (citations omitted).

Here, Plaintiffs generally aver that Aetna engaged in a "fraudulent scheme by which [it] retains millions of dollars in premiums without paying the agreed benefits." Doc. 62 at ¶ 50. Plaintiffs argue that the allegations in Tran's declaration satisfy the Rule 9 requirements. While the declaration does identify several alleged misrepresentations, it appears that Plaintiffs always knew these statements to be false and did not rely on them. *See* Doc. 47. Reliance is a required element of a claim for fraud. *Nationwide,* 657 F. Supp. 2d at 1289. Therefore, Plaintiffs have not sufficiently alleged a claim for fraud and Count III must be dismissed.

    **F.**    **Counts IV & V: ERISA Claims**

        *1.*    *Lack of Standing*

First, Defendants argue that Plaintiffs do not have standing to bring these claims because they have not pleaded, with specificity, assignments that meet the criteria for assignment under ERISA. Plaintiffs have alleged, several times, that they have assignments from all of the patients at issue in this suit. Rule 8 does not require Plaintiffs to attach those hundreds of assignments to their complaint. Defendant's argument that, in *Borrero v. United HealthCare of N.Y., Inc.,* 610 F.3d 1296 (11th Cir. 2010), the Eleventh Circuit required some higher level of specificity to be pleaded regarding assignments is perplexing. In *Borrero,* the Eleventh Circuit was reviewing a lower court's decision on a motion to remand and, on the topic of ERISA assignments, discussed its holding in a previous case where the court indicated "that a 'rate of payment' challenge does not necessarily implicate an ERISA plan, but a challenge to the 'right to payment' under an ERISA plan does." 610 F.3d at 1302. The Eleventh Circuit held that, in a case where a provider alleged a

7

hybrid claim, the beneficiaries' claim forms were sufficient to show an assignment of benefits and support the providers' standing to assert the claims. *See id.* This holding supports a finding that here Plaintiffs have sufficiently alleged assignment of benefits such that they are permitted to bring a right to payment claim against Defendants. There is simply nothing in the *Borrero* opinion that would require Plaintiffs to plead the assignments with more specificity than they already have. Accordingly, the Plaintiffs have effectively alleged standing to assert these claims.

2. *Exhaustion of Administrative Remedies*

Both parties agree that ERISA claims require an exhaustion of administrative remedies, but that such a requirement can be waived in certain circumstances. *See* Doc. 63 at p. 17-18; Doc. 70 at p. 16-18. Plaintiffs have alleged that Defendants' review process is unreasonable and would have been futile "since Aetna was obviously and repeatedly sending to Plaintiffs phony claim denials and false statements." Doc. 62 at ¶ 102.

In this Circuit, a plaintiff must exhaust his or her administrative remedies before filing suit for benefits under ERISA, and plead such exhaustion in the complaint. *Variety Children's Hosp. v. Century Medical Health Plan,* 57 F.3d 1040, 1042 (11th Cir. 1995) (hereinafter "*Century*"); *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160–61 (11th Cir. 1992). Conclusory allegations of performing conditions precedent is not sufficient to withstand a motion to dismiss. *See Century*, 57 F.3d at 1042 n.2 ("alleging … 'all conditions precedent' or in the alternative that 'such conditions have been waived or excused' does not address the exhaustion requirement."); *Variety Children's Hosp. v. Blue Cross/Blue Shield,* 942 F. Supp. 562, 568 (S.D. Fla. 1996) ("[a]t all times material hereto, the Plaintiff performed all obligations imposed on her by the contract of insurance in effect or, in the alternative, such conditions have been waived or excused."). However, more recently, a requirement for a high level of specificity when alleging exhaustion was rejected. *See*

*Markwart v. United Parcel Serv., Inc.*, Case No. 2:13-cv-186-FtM-38DNF, 2013 WL 3864347, 5(M.D. Fla. July 24, 2013) (finding that plaintiff's claim that "she administratively exhausted her claim" was sufficient to survive a motion to dismiss that asserted she had "failed to allege sufficient facts showing that she exhausted her administrative remedies.").

*Markwart* relied on the plain language of Rule 9(c) which in relevant part states, "In pleading **conditions precedent**, it suffices to allege generally that all **conditions precedent** have occurred or been performed." Fed. R. Civ. R. 9(c) (emphasis added). In *Markwart*, the condition precedent at issue was the same as the one here; exhaustion of administrative remedies. 2013 WL 3864347 at *5. While citing to Rule 9(c), the *Markwart* court found it was too early in the proceedings "to dismiss based upon the Defendant's allegations that the Plaintiff failed to describe the steps taken to fulfill the administrative exhaustion requirements." *Markwart*, 2013 WL 3864347 at *5. *See also WSB-TV,* 842 F.2d at 1269. Here, Plaintiffs allege that the exhaustion requirement was deemed fulfilled by operation of the law or, in the alternative, that the requirement is excused due to futility. This allegation is sufficient to survive a motion to dismiss.

Furthermore, the language of the plan at issue here suggests that the exhaustion of the available administrative review process may not be required before a lawsuit can be filed.

> The use of phrases such as "you may have [your claim] reviewed," "should you desire a review," "if you . . . wish to have the decision reviewed," and "you . . . may appeal," given their plain meaning, indicate that a plan participant has the opportunity to participate in a voluntary, rather than mandatory, review procedure.

*Watts v. BellSouth Telecomms., Inc.,* 316 F.3d 1203, 1208 (11th Cir. 2003) (quoting *Gallegos v. Mt. Sinai Med. Ctr.,* 210 F.3d 803, 810 (7th Cir. 2000)). The Defendants' "Appeals of Adverse Benefit Determinations" section repeatedly uses the permissive word "may":

> You **MAY** submit an Appeal if Aetna gives notice of an Adverse Benefit Determination. … Your appeal **MAY** be submitted by calling our Member Services Department using the telephone

9

> number displayed on your member ID Card or in writing to the Appeals Resolution Team address shown below…. … You **MAY** also choose to have another person (an authorized representative) make the appeal on your behalf by providing written consent to Aetna.

Doc. 44-2 at p. 3 (emphasis and capitalization added). Therefore, the Court finds the pleadings sufficiently allege compliance with the exhaustion requirement under ERISA.

### 3. *Equitable Relief*

In Count V Plaintiffs request injunctive relief pursuant to 29 U.S.C. § 1132(a)(3). Defendants argue that both types of equitable relief are unavailable to Plaintiffs pursuant to *Sanctuary Surgical Ctr., Inc. v. United Healthcare, Inc.,* 2011 WL 2134534, 6 (S.D. Fla. May 27, 2011), which held that a plaintiffs' breach of fiduciary claim based on the same factual allegations as its claim for unpaid benefits were duplicative and that the fiduciary duty claim should be dismissed. Essentially, Defendants argue that if Count IV survives the motion to dismiss, then Count V must necessarily be dismissed. However, unlike the claims in *Sanctuary*, Counts IV and V are not duplicative and do not rely on the same factual allegations or seek the same relief. *See id.* at 18. The Court in *Sanctuary* noted that the fiduciary duty claim could proceed if it was repleaded to show that it was based on misrepresentations, rather than a failure to pay benefits. *Id.* Here, Plaintiffs have already sufficiently pleaded that Count V is based on Defendants' alleged retaliatory practices and repeated violations of procedural requirements – not the failure to pay benefits on any particular claim. Thus, Plaintiffs are permitted to proceed with Count V.

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 63) is GRANTED in part and DENIED in part.

2. Count III is DISMISSED, without prejudice.

3. Plaintiffs are granted leave to file a third amended complaint within **fourteen (14)** days of this Order which corrects the deficiencies addressed in this Order and to clarify which plan(s) each cause of action relates to. The Court notes that Plaintiffs have previously filed three complaints. It is unlikely that Plaintiffs will be given another opportunity to amend their complaint.

**DONE AND ORDERED** in Tampa, Florida on January 12, 2015.

*[Signature]*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any