UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAN CHIROPRACTIC WELLNESS
CENTER, INC and ESSENTIAL
INTEGRATIVE MEDICINE, LLC,

    Plaintiffs,

v.     Case No: 8:14-cv-47-T-36EAJ

AETNA INC.,

    Defendant.
_____/

# **ORDER**

THIS MATTER comes before the Court upon the Plaintiffs' Motion to Seal Supplemental Declaration of Dr. Tan Tran (and it's (sic) Exhibits) Pursuant to Stipulated Protective Order (Doc. 79), filed on January 27, 2015.  In the motion, Plaintiffs state that they should be permitted to file the Supplemental Declaration of Dr. Tan Tran, and its exhibits, under seal[1] because the documents contain protected medical information as well as documents produced in discovery and marked "confidential" by the parties pursuant to their Stipulated Order on Confidentiality (Doc. 67).  The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Plaintiff's Motion to Seal Supplemental Declaration of Dr. Tan Tran (and it's (sic) Exhibits) Pursuant to Stipulated Protective Order.

Plaintiff's motion does not comply with Local Rule 1.09, which governs motions to seal filed in the Middle District of Florida and requires, *inter alia*, that:

> Unless filing under seal is authorized by statute, rule, or order, a
> party seeking to file under seal any paper or other matter in any civil
> case shall file and serve a motion, the title of which includes the

---

[1] In fact, the Declaration and Exhibits were already filed, not under seal, and at the parties' request the Clerk sealed the document pending the filing of an appropriate motion.

> words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

The entry of the Stipulated Order does not authorize sealing of the documents or excuse the parties from complying with this rule. In fact, the Order specifically notes that

> nothing in this order shall authorize any party to file under seal, absent further court order, any confidential discovery material with the Clerk of Court or at trial, as such filings are subject to greater scrutiny due to the common law right to inspect and copy judicial records and public documents. *See In re Alexander Grant & Co.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam). Further, the parties shall at all times be governed by Local Rule 1.09, M.D. Fla.

Doc. 67 at p. 1. Thus, even though the motion is unopposed, Plaintiffs have not provided sufficient justification for sealing the entire declaration and all of its exhibits for an unspecified duration. For example, the motion does not indicate why the filing of these documents is necessary or why simply redacting the patient-identifying information from the medical records would not be sufficient. Accordingly, it is

**ORDERED that**

1. Plaintiff's Motion to Seal Supplemental Declaration of Dr. Tan Tran (and it's (sic) Exhibits) Pursuant to Stipulated Protective Order (Doc. 79) is DENIED without prejudice;

2. The Clerk is directed to STRIKE the Supplemental Declaration of Dr. Tan Tran (Doc. 78), along with its exhibits, and Plaintiffs may either refile it (with or without redactions) or file a new motion for leave to file it under seal.

**DONE AND ORDERED** in Tampa, Florida on January 28, 2015.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any